IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BRYAN EDMOND HUNT,

    Plaintiff,

v.                                                          CASE NO. 1:07-cv-13-SPM-AK

LENNARD B. REGISTER, III,
and R.B. DAVIS & ASSOCIATES, INC.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

In this case, Plaintiff seeks to "correct the fraud" that has allegedly been perpetrated upon this Court by "the remaining defendants," Plaintiff's counsel in his criminal proceedings and counsel's law firm.  Doc. 8.  He makes four claims:  "No Probable Cause," "No Defensive Assistance," "Coerced Plea," and "Fraud Upon This Court."  Plaintiff also moves for leave to proceed *in forma pauperis*, Doc. 2, and has filed two additional motions for this Court to rule on the IFP motion.  Docs. 5 & 7.

The doctrine of *res judicata* applies where (1) a prior decision has been rendered by a court of competent jurisdiction, (2) the decision was a final judgment on the merits, (3) the two cases involve the same parties or their privies, and (4) both cases involve the same causes of action.  *In re Piper Aircraft Corp*., 244 F.3d 1289, 1296 (11th Cir. 2001).

While the procedural history of Plaintiff's claims, which is fully laid out in *Hunt v. Paul*,

Cause Number 1:02cv164-SPM/AK (N.D. Fla.) (*Hunt III*), will not be repeated here, the following facts are determinative.  In *Hunt III*, Plaintiff charged an overarching "'Fraud upon a Federal Court'" and then raised seven claims against both of the instant Defendants:  (1) "I am **innocent of the perjury** I was charged with," (2) "the defendants had **no probable cause** to file my void Information," (3) "the defendants **coerced my *Alford* plea** via bogus threats and unfulfilled promises," (4) "despite the foregoing I can still prove **my sentence was based on materially false facts**," (5) "my criminal **defense attorney was totally ineffective**," (6) "the defendants **defrauded the transcript of my plea hearing** so as to conceal my innocence, create probable cause, conceal my coerced *Alford* plea, and prevent me from obtaining redress," and (7) "the defendants **denied me full and fair appellate hearings**."  With the dismissal, Defendants prevailed on the merits, *see Bierman v. Tampa Electric Company*, 604 F.2d 929, 930 (5th Cir. 1979); *see also* Fed. R. Civ. P. 41(b) (dismissal under this rule and "any dismissal not provided for in this rule" generally operates as adjudication upon merits), judgment was entered in their favor, and the Court's ruling was affirmed on appeal.

In short, *res judicata* applies, prohibiting the relitigation of these claims on this occasion.  Plaintiff has sought leave to proceed IFP, and thus, the provisions of 28 U.S.C. § 1915 apply to him.  His repeated and continued attempts to hold these Defendants liable for actions associated with the underlying criminal case are frivolous and malicious, and certainly, there is no basis in law or fact for the institution or continued prosecution of this case.  *See* 28 U.S.C. 1915(e)(2)(B) (court shall dismiss case at any time if court determines that action is frivolous or malicious or fails to state claim on which relief may be granted); *Martinez v. Kristi Kleaners, Inc*., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (provisions of § 1915 apply to all persons requesting leave to

proceed IFP). Plaintiff has had his day in court and should not be allowed to continue on this occasion.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, Doc. 8, be **DISMISSED WITH PREJUDICE** and without leave to proceed IFP.

**IN CHAMBERS** at Gainesville, Florida, this  2nd      day of July, 2007.


                s/A. Kornblum
                **ALLAN KORNBLUM**
                **UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 1:02-cv-00164-SPM-AK*