IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BRYAN E. HUNT,

    Plaintiff,

vs.                                                     CASE NO.: 1:07cv13-SPM/AK

LENNARD B. REGISTER, III, and
R.B. DAVIS & ASSOCIATES, P.A.,

    Defendants.

_____/

## ORDER

This cause comes before the Court for consideration of the Magistrate Judge's Report and Recommendation dated July 2, 2007 (doc. 11). Plaintiff has been furnished a copy of the report and recommendation and has filed objections (doc. 12). Pursuant to Title 28, United States Code, Section 636(b)(1), I have conducted a de novo review and determined that the report and recommendation should be adopted.

As an initial matter, the Court will address Plaintiff's objection to Magistrate Judge Kornblum and this judge presiding over his case. Plaintiff's allegations are not such that "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal [is] sought would entertain significant doubt about the judge[s'] impartiality." United States v. Patti, 337 F.3d 1317, 1321 (11th

Cir. 2003). Furthermore, Plaintiff has not alleged any specific circumstances that would require recusal under the grounds listed in 28 U.S.C. § 455(b). Accordingly, recusal is not warranted.

As for Plaintiff's complaint in this case, it concerns his conviction for perjury in Northern District of Florida, Case Number 1:95cr1027. His complaint includes four counts for (1) "No Probable Cause," (2) "No Defensive Assistance," (3) "Coerced Plea," and (4) "Fraud Upon This Court." Plaintiff seeks a "bench trial to correct the fraud upon this court . . . ." Doc. 8. It is not clear if he seeks to vacate his conviction or if he seeks damages against the named defendants or both.

Plaintiff has made several attempts to vacate his perjury conviction. All have been unsuccessful. His last appeal from Northern District of Florida, Case Number 1:02cv164, resulted in dismissal of the appeal as "frivolous and wholly without merit." Doc. 63, 1:02cv164, Appeal No. 06-14102. The Eleventh Circuit Court of Appeals relied on a prior ruling (Doc. 41, 1:02cv164, Appeal No. 04-12818) that Plaintiff could not have his conviction vacated since coram nobis[1] relief was

---

[1] Plaintiff states that he is not "seeking a writ of coram nobis because they were abolished by F.R.Cv.P. Rule 60 in the mid 1900's." Doc. 12, p. 3. Plaintiff's statement is correct as to civil cases, but not as to challenges to criminal convictions. See United States v. Morgan, 346 U.S. 502 (1954); United States v. Mills, 221 F.3d 1201 (11th Cir. 2000). The writ of error coram nobis is still the appropriate vehicle to challenge a criminal conviction after the sentence has been served. Green v. United States, 448 F.2d 720 (5th Cir. 1971); Mills, 221 F.3d 1201. A motion under Federal Rule of Civil Procedure 60(b) or an independent action under the savings provision of the rule is not available to challenge a criminal conviction. Greene, 448 F.2d 720; Gitten v. United States, 311 F.3d 529 (2d Cir. 2002); Gonzalez v. Sec'y for the Dep't of Corr., 366 F.3d 1253, 1263 (11th Cir. 2004) (motion challenging underlying judgment of

available only for fundamental errors and because none of Plaintiff's claims constituted fundamental error.  Plaintiff is bound by the ruling.[2]  He cannot pursue successive proceedings in this same vein.  Moody v. United States, 874 F.2d 1575, 1575-76 (11th Cir. 1989) (coram nobis relief is not available to litigate issues already litigated).

      To the extent Plaintiff is suing Defendants for damages, he has not stated a valid federal claim.  Lennard B. Register and R.B. Davis & Associates, P.A., are the defense lawyer and the successor to the defense firm that represented Plaintiff on the perjury charge.  As previously ruled in Northern District of Florida, Case Number 1:00cv122, Defendant Register is not a federal officer for purposes of a Bivens[3] claim.  (Doc. 77, pp. 16-18, 1:00cv122).  The same ruling is applicable to Defendant R.B. Davis & Associates, P.A.  Any claim, moreover, would be barred by

---

conviction is not a true rule 60(b) motion).  The 60(b) motion and the independent action are limited to challenging civil proceedings.  Although they can be brought to seek relief from a habeas ruling, this is because habeas proceedings are somewhat civil in nature and conducted using rules of civil procedure.  Buell v. Anderson, No. 02-4033, 02-4055, 2002 WL 31119679 at *6, 48 Fed.Appx. 491, 498-99 (6th Cir. 2002).

    [2]    Plaintiff is likewise bound by the district court's prior ruling that Defendants Register and R.B. Davis & Associates, P.A. are not properly named as defendants for purposes of vacating the perjury conviction.  See Doc. 28 pp. 6-7, 1:02cv164.

    [3]    Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Case No.  1:07cv13-SPM/AK

the Heck rule[4] or if not barred, given the passage of over 10 years, precluded by the applicable statute of limitations.  See Abella v. Rubino, 63 F.3d 1063, 1065-66 (11th Cir. 1995).

Federal law permits a United States District Court to dismiss a case filed in forma pauperis if it is satisfied that the action is frivolous or malicious.  28 U.S.C. § 1915(e)(2)(b).  Plaintiff's action is frivolous.  Accordingly, it is

ORDERED AND ADJUDGED:

1.   The magistrate judge's report and recommendation (doc. 11) is ADOPTED and incorporated by reference in this order.

2.   Plaintiff's motion for leave to proceed in forma pauperis (doc. 2) is denied and this case is dismissed with prejudice.

DONE AND ORDERED this 18th day of January, 2008.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

---

[4]   A cause of action for damages due to an unconstitutional conviction does not accrue until the conviction or sentence has been invalidated.  Heck v. Humphrey, 512 U.S. 477, 489-90 (1994).

CASE NO.: 1:07cv13-SPM/AK